UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                          No. 99-4931

MARK LEE PAUGH,
Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
Robert Earl Maxwell, Senior District Judge.
(CR-99-6)

Submitted: May 31, 2000

Decided: June 20, 2000

Before LUTTIG and KING, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Timothy M. Sirk, Keyser, West Virginia, for Appellant. Melvin W.
Kahle, Jr., United States Attorney, Sherry L. Muncy, Assistant United
States Attorney, Elkins, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Mark Lee Paugh was convicted pursuant to his guilty plea of burglarizing a United States Post Office. On appeal, he alleges that the district court erred by departing upward from the normal Guidelines range because Paugh's criminal history score did not adequately reflect the seriousness of his past criminal conduct or the likelihood that he would commit future crimes.* Finding no reversible error, we affirm.

The basic facts of this case are undisputed. Paugh and a co-defendant broke into the Post Office, stealing money orders, stamps, equipment, personal property, and mail, including credit cards which were later used to make purchases. Paugh, who was twenty-seven years old at the time of the current offense, had fifteen adult convictions, dating back to when he was eighteen. The probation officer assigned twenty-five criminal history points and placed Paugh in the highest criminal history category, Category VI. Paugh also had nine other adult arrests for which criminal history points were not assessed. The district court noted at sentencing that Paugh had nearly twice the number of criminal history points needed for Category VI and departed upward four levels.

We review the district court's decision to depart upward for an abuse of discretion and find none. See United States v. Hairston, 96 F.3d 102, 105 (4th Cir. 1996). An important part of our review is a determination that the extent of the departure was reasonable. See United States v. Rusher, 966 F.2d 868, 884 (4th Cir. 1992).

Contrary to Paugh's assertions, his conduct was exactly the type envisioned by the Commission, and we find that the district court properly considered the factors outlined in USSG§ 4A1.3, p.s. In addition to the sheer number of prior convictions, the court correctly concluded that the convictions occurred in a relatively short period of time, which suggested a propensity to commit future crimes. We fur-

_____

*See U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (1998).

2

ther find that the district court properly considered intervening levels in arriving at its final sentence.

We therefore affirm Paugh's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>